IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| STEPHANIE MILOSIC<br>31600 Lakeshore Blvd, Unit 45<br>Eastlake, OH 44095<br>        Plaintiff, | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| vs. | )<br>) | |
| SMARTLAND LLC<br>35350 Curtis Blvd.<br>Eastlake, OH 44095<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |
| | )<br>) | |

Now comes Plaintiff Stephanie Milosic ("Plaintiff"), by and through counsel, and for her

Complaint against Defendant Smartland LLC ("Defendant") states as follows:

## **PARTIES**

1. Plaintiff is a resident of Eastlake, Lake County, Ohio.

2. Defendant is a real estate investment and property management company with its principal

   place of business in Eastlake, Lake County, Ohio.

3. The events giving rise to this matter occurred at 35350 Curtis Boulevard, Eastlake, Ohio

   44095.

4. This Court has original jurisdiction over the claims in this Complaint pursuant to 28 USC

   §1331 by Title VII of the Civil Rights Act of 1964.

5. This Court has personal jurisdiction over Defendant because its principal place of business

   is in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 USC §1391(b)(1) and (2).

7. Plaintiff at all relevant times was employed by Defendant from on or around January 8, 2024 to April 16, 2024 with the post recent position as Human Resources Assistant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Prior to filing this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission("EEOC), Charge No. 532-2024-02975.

9. The EEOC issued Plaintiff a Right to Sue Notice on May 13, 2025.

10. A true and accurate of Plaintiff's Right to Sue Notice is attached hereto as **Exhibit A**.

11. Pursuant to 29 C.F.R. § 1601.28(a)(2) and Ohio R.C. § 4112.052(B)(2)(b), Plaintiff has properly exhausted her administrative remedies prior to initiating this action.

## FACTUAL BACKGROUND

12. On or around January 8, 2024, Plaintiff was hired by Defendant as an executive assistant.

13. While at the office, Plaintiff was placed at the front desk of the office to work.

14. Beginning in February 2024, Plaintiff began to receive unwanted sexual advances and harassment from male employees, particularly Jack Fudala (hereinafter "Mr. Fudala")

15. Mr. Fudala would consistently come up to Plaintiff at the front desk and make sexual advances and harassing comments to Plaintiff including, but not limited to:

    - "Do you know how many places we could fuck without anyone knowing?"

    - "You should wear that color more often—it's hot"

    - "My girlfriend told me I can do whatever I want as long as I don't get caught"

    - "It makes me jealous when you talk to other guys"

16. Defendant was aware of Mr. Fudala's constant presence and inappropriate behavior at Plaintiff's desk such that his office was moved to deter him from spending time at the front desk with Plaintiff.

17. Other male employees also made inappropriate, sexually charged comments to Plaintiff at the front desk in earshot of management.

18. Plaintiff's position moved from Executive Assistant to Human Resources Assistant while working for Defendant.

19. Despite Plaintiff having the position as Human Resources Assistant, Defendant had no formal Human Resources Department nor a Human Resources Director to report to.

20. Plaintiff is a single-mother and sole care provider for her son.

21. With Plaintiff as the only employee in a makeshift Human Resources department, she lived in near constant fear and worry of retaliation or risk of losing her job due to this harassment because she did not think any complaint would value discretion or confidentiality.

22. On April 16, 2024, Defendant's employees, Val Couch and Viki Wade, met with Plaintiff to discuss her position.

23. During this meeting, they told Plaintiff that "we can see you are unhappy here so its best we part ways."

24. In response, Plaintiff indicated that if she were unhappy it was only because of consistently dealing with the harassment from her male co-workers.

25. Plaintiff was terminated on April 16, 2024.

26. Following her termination and handling the daily demeaning harassment, Plaintiff sought out mental health services to manage her depression and anxiety brought about and/or exacerbated from her time working for Defendant.

27. Plaintiff's treatment following her termination included being prescribed anti-depressants as well as medicine for anxiety and nightmares.

28. As a result of enduring a workplace where she sexually harassed and subject to daily, public objectification, Plaintiff sought and will continue to seek mental health services.

29. Defendant has indicated that following her termination, a formal investigation was conducted. The findings and/or outcomes of this investigation were never disclosed to Plaintiff.

30. On July 11, 2025, the EEOC issued a determination on its investigation and is attached hereto as **Exhibit B.**

31. The EEOC determination included that "[t]he evidence obtained during the investigation reveals that [Plaintiff] was subjected to severe and pervasive sexual from a [Defendant] employee, and [Defendant] knew or should have known about the sexual harassment."

32. The EEOC determination concluded that the agency "determined that there is reasonable cause to believe that [Defendant] subjected [Plaintiff] to sexual harassment and discharge because of her sex, in violation of Title VI."

## COUNT ONE—SEXUAL HARASSMNENT

33. Plaintiff restates and incorporates herein the allegations contained in paragraphs 1 through 32.

34. While employed by Defendant, she was subject to unwanted sexual advances by employees of Defendant, particularly Mr. Fudala.

35. Defendant was aware of these unwanted sexual advances and inappropriate behavior from other employees towards Plaintiff and other female staff.

36. Instead of conducting an investigation of the sexual harassment, Defendant terminated Plaintiff's employment.

37. These unwelcomed sexual advances as well as Defendant's failure to take appropriate action in response to them, created a hostile work environment for Plaintiff.

**COUNT TWO—RETALITORY DISCHARGE**

38.  Plaintiff restates and incorporates herein the allegations in paragraphs 1 through 37.

39. In effort to curb Mr. Fudala's harassment and constant unwelcomed advances towards Plaintiff, Defendant moved Mr. Fudala to an office space further away from the front desk.

40. Despite not making a formal complaint to her superiors out of fear of retaliation prior to her April 16, 2024 meeting, Defendant was aware of hostile environment facilitated by unprofessional, sexually motivated Mr. Fudala's behavior.

41. Even after learning the cause of her underlying issue on the April 16, 2024 meeting, Defendant proceeded with terminating Plaintiff and failed to conduct a fair, impartial investigation.

42. Plaintiff reporting the harassment she experienced is protected conduct under 28 USC §1331 by Title VII of the Civil Rights Act of 1964.

43. Defendant retaliated against Plaintiff by terminating her for making this complaint rather than conducting an impartial investigation.

**COUNT THREE—HOSTILE WORK ENVIRONMENT**

44. Plaintiff restates and incorporates herein the allegations in paragraphs 1 through 43.

45. Plaintiff was subject to consistent demeaning and harassing interactions with male employees of Defendant.

46. Defendant had no Human Resources Department nor any management employees who were capable of conducting an impartial, fair investigation.

47. Plaintiff feared she would lose her job if she were to make a formal complaint against Mr. Fudala or other male employees who made harassing and/or unwanted sexual comments to her.

48. Due to the ongoing incidents with Mr. Fudala and other employees of Defendant and fear of retaliation, Plaintiff was subjected to a hostile abusive working environment.

WHEREFORE, Plaintiff requests the following relief be awarded in her favor and against Defendant:

a.      Damages in excess of $25,000, the full amount of which will be proven at trial, to cover all loss and damages to Plaintiff;

b.      Punitive damages;

c.      Court costs, expenses, and reasonable attorney fees; and

d.      For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on any and all issues set forth in this Complaint to the maximum number of jurors permitted by law.

Respectfully submitted,

*/s/ Dennis R. Fogarty*
DENNIS R. FOGARTY (0055563)
**DAVIS & YOUNG**
35000 Chardon Road
Willoughby Hills, OH 44092
Ph:  (216) 348-1700
Fax: (216) 621-0602
Email: dfogarty@davisyoung.com
***Attorney for Plaintiff***